■ Marion Fabiano, Individually and as Parent and Natural Guardian of Louis Fabiano and Another, Infants, Appellant, v New York State Thruway Authority, Respondent.

(Claim No. 77161.) (Appeal No. 1.)—Judgment unanimously reversed on the law and facts without costs and new trial granted on damages only. Memorandum: Louis and Peter Fabiano, who were teenage passengers in a vehicle being operated by Christopher Schorb, were injured when that vehicle spun out of control on the wet and slippery pavement of the Niagara section of the State Thruway and collided with a traffic sign and concrete culvert in the center median. The Court of Claims found, after a trial, that the sole proximate cause of the accident was the excessive speed of the vehicle and that the Thruway Authority was not negligent in its maintenance of that area of the Thruway. We agree that the speed of the vehicle was a factor which contributed to the occurrence of the accident. We disagree, however, with the court's findings that the Thruway Authority was not negligent and that excessive speed was the sole proximate cause of the accident.

Prior to the accident, the Schorb vehicle was proceeding in the northbound passing lane. There was a moderate to heavy rain at the time. Immediately after crossing the Burnt Ship Creek Bridge, the front tires of the vehicle encountered standing water in a dip or depression in the roadway. The front tires slid to the right, and Schorb steered to the left in an attempt to correct the slide and avoid striking vehicles on the right. The car went into a spin and the collision occurred.

Witnesses at the accident scene testified that there was standing water in the northbound lane just north of the bridge. Witnesses also testified that they had encountered standing water in that area on prior occasions during rainy weather. One witness testified that he drove in that lane about 15 minutes before the accident and that his vehicle started to slide out of control when it encountered standing water in that area. Another witness indicated that he had a similar accident about a month before in that same area. A Thruway Authority maintenance supervisor traveled that area at least three times a week. He testified that a dip or depression in the road was noticeable simply by traveling over it. The supervisor and an Authority engineer both acknowledged that such depression on a high speed highway presented a safety hazard. Subsequent to the accident, 13.28 tons of asphalt were placed in the subject area to "shim" up the depression and to restore proper crowning and drainage of the roadway. Claimant's expert testified regarding the nature and extent of the depression and the danger it posed to motorists. The State's expert, although of the opinion that the roadway

was adequate, acknowledged that such depression could present a safety hazard. That evidence warrants factual findings that the dip or depression in the northbound passing lane constituted a dangerous condition, especially in rainy weather; that Thruway Authority personnel were aware of the condition and did not warn of its existence or repair the condition prior to the accident; and that the existence of this condition was a competent contributing cause of the accident.

In our view, the Court of Claims findings that the Thruway Authority was not negligent and that excessive speed was the sole proximate cause of the accident were not supported by a preponderance of the evidence. Based upon our review of the record, we find the State 75% at fault and Schorb 25% at fault for the accident, and we remit the matter to the Court of Claims for a trial on the issue of damages. (Appeal from Judgment of Court of Claims, NeMoyer, J.—Negligence.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.